# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

### EASTERN DIVISION

FILED
IN CLERKS OFFICE

2004 JUN 14 P 2: 19

04    11316    PBS

DISTRICT COURT
DISTRICT OF MASS.

Vidya Jagannathan, individually,
  Plaintiff

v.

Sandra T. Bushey, Acting Center Director
of the Vermont Service Center of the
Bureau of Citizenship and
Immigration Services,

and

The U.S. Department of Homeland Security
Bureau of Citizenship and Immigration
Services.
  Defendants.

Case No._____

MAGISTRATE JUDGE Cohen

RECEIPT # ____ 56574
AMOUNT $ 150
SUMMONS ISSUED 4.5
LOCAL RULE 4.1____
WAIVER FORM____
MCF ISSUED____
BY DPTY. CLK. ____ VOM
DATE 6/15/04

## COMPLAINT FOR MANDAMUS

## INTRODUCTION

This action is brought by Plaintiff Vidya Jagannathan (Jagannathan) to compel the

Defendants to adjudicate her application to register permanent residence or adjust status. The

application has been on file with the Bureau of Citizenship and Immigration Services (BCIS) and

its predecessor agency, the Immigration and Naturalization Service (INS) since January 30,

2002. To date, the Defendants have neglected their duty, and have failed to adjudicate Plaintiff's

application.

## PARTIES

1.     Plaintiff Vidya Jagannathan is an individual, and a native and citizen of the

Republic of India. Plaintiff Jagannathan presently resides in Marlborough, Massachusetts.

2.    Defendant Sandra T. Bushey (Bushey) is the duly appointed Acting Center Director of the Vermont Service Center of the BCIS. Defendant Bushey is charged under law and regulation[8 C.F.R. §245.2(a)] with the obligation of adjudicating applications by aliens seeking to adjust status to permanent residence based on employment based preference petitions—such as Plaintiff. Defendant Bushey is named in her official capacity of Acting Center Director.

3.    Defendant BCIS is a federal agency within the Department of Homeland Security which is mandated by law [8 U.S.C. §1103] to supervise, implement, and enforce the Immigration and Nationality Act, including, applications to register permanent residence or adjust status.

**JURISDICTION**

4.    This is a civil action brought pursuant to 28 U.S.C. §1331 and §1361 to redress the deprivation of rights, privileges and immunities secured to Plaintiff, by which jurisdiction is conferred, to compel Defendants and those working under him to perform duties they owe to the Plaintiff.

5.    Jurisdiction is also conferred by 5 U.S.C. §704. Plaintiff is aggrieved by adverse agency action in this case, as the Administrative Procedures Act requires, in order to confer jurisdiction on the District Courts. 5 U.S.C. §702 *et seq.*

6.    The aid of the Court is invoked under 28 U.S.C. §2201 and §2202, authorizing a declaratory judgment.

7.    Costs and attorneys fees are sought pursuant to the Equal Access to Justice Act, 5 U.S.C. §504, and 28 U.S.C. §2412(d), *et seq.*

## VENUE

8.      Venue is proper in the Eastern Division of the U.S. District Court for the

District of Massachusetts pursuant to 28 U.S.C. §1391(e) because the defendants are officers or

employees of a U.S. government agency acting in their official capacity and/or an agency of the

U.S. Government, Plaintiff Jagannathan resides within said District and Division, and there is no

real property involved in this action.

## REMEDY SOUGHT

9.      Plaintiff Jagannathan seeks an order compelling Defendants to adjudicate her

application to adjust status to permanent resident alien.

## CAUSE OF ACTION

10.     On or about July 3, 2000, Plaintiff Jagannathan married Mr. Vasu Ramanathan in

Chennai, India.

11.     On or about July 20, 2000, Plaintiff Jagannathan entered the United States at

Boston's Logan Airport  Plaintiff Jagannathan was inspected by INS and admitted to the U.S. as

an H-4 nonimmigrant (dependant of an H-1B temporary worker ) pursuant to Immigration and

Nationality Act (INA) §101(a)(15)(H) [8 U.S.C. §1101(a)(15)(H)] and 8 C.F.R. §214.2

(h)(9)(E)(iv).

12.     On or about November 25, 2001, Mr. Ramanathan's employer BSST Software

Group dba The Boston Group filed an Immigrant Petition for Alien Worker pursuant to INA

§203(b)(2) [8 U.S.C. §1153(b)(2)] with the INS. If approved, this petition would permit Mr.

Ramanathan and his immediate family members, including Plaintiff Jagannathan to apply for

status as permanent resident aliens (colloquially known as "Green Card Holder").

13.    On or about January 7, 2002, INS approved Mr. Ramanathan and BSST Software Group's Immigrant Petition for Alien Worker.

14.    On or about January 20, 2002, pursuant to INA §245(a) [8 U.S.C. §1255(a)] Mr. Ramanathan and Plaintiff Jagannathan concurrently filed applications to register permanent residency or adjust status (application to adjust status) with the Vermont Service Center of the INS. If approved, Mr. Ramanathan and Plaintiff Jagannathan would be accorded status as permanent resident aliens in the USA.

15.    On February 28, 2003, pursuant to the Homeland Security Act of 2002, Pub.L. 107-296, responsibility for the administration of the Immigration and Nationality Act was transferred from INS to Defendant BCIS. See 68 Fed. Reg. 9824-46 (Feb. 28, 2003).

16.    On June 25, 2003, Defendant Bushey adjudicated Mr. Ramanathan's application to adjust status and granted him status as a permanent resident alien.

17.    To date, Plaintiff Jagannathan's application to adjust status remained unadjudicated.

18.    Plaintiff Jagannathan has suffered harm due to the Defendant's inaction. Plaintiff Jagannathan in engaged in the business of providing IT services such as web design, development, and recruitment of IT professionals under the name of SolveIT Corporation. Plaintiff Jagannathan wishes to register her business with the State Office of Minority and Women Business Assistance (SOMWBA). SOMWBA is an agency within the Commonwealth of Massachusetts that helps to promote the development of business enterprises and non-profit organizations owned or operated by minorities and women. In order to register her company with the SOMWBA, Plaintiff Jagannathan must establish that she is either a U.S. citizen or permanent resident alien. Because of the Defendant's needless delay in adjudicating Plaintiff's adjustment of status application, Plaintiff Jagannathan cannot avail herself to the opportunities of the

Page 4 of 7

SOMWBA.

19.    Plaintiff Jagannathan wishes to enroll in university program to improve her computer skills. Plaintiff Jagannathan wishes to enroll at either the University of Massachusetts (UMass) or Northeastern University (Northeastern). Because of her present immigration status (H-4 nonimmigrant), both UMass and Northeastern will require Plaintiff Jagannathan to take and receive an acceptable score on the Test of English as a Foreign Language (TOEFL) as a condition of admission. Neither UMass nor Northeastern require aliens holding permanent resident alien status to take the TOEFL exam.

20.    Additionally, due to her present immigration status, Plaintiff Jagannathan is considered an "international student" by UMass. Even though she has resided in lawful immigration status and paid taxes to the Commonwealth of Massachusetts since the year 2000, because of her present immigration status, and the Defendants' inaction on her application to adjust status, Plaintiff Jagannathan is compelled to pay nonresident tuition rates at UMass.

21.    Plaintiff Jagannathan is forced by law to apply for and receive permission from the Defendants to work. 8 C.F.R. §274a.13(a). Defendant BCIS grants employment authorization in one year increments. Defendant BCIS presently demands a fee of $175.00 to adjudicate an application for employment authorization. 8 C.F.R. §103.7. By regulation, Defendant BCIS can take up to 90 days to adjudicate an application for employment authorization. 8 C.F.R. §274a.13(d).

22.    Employment authorization is implicit in status as a permanent resident alien. Separate yearly employment authorization applications are not required of permanent resident aliens. Once Plaintiff Jagannathan's application to adjust status is adjudicated and assuming it is granted, Plaintiff Jagannathan will no longer be required apply yearly for employment authorization.

Page 5 of 7

23.    Because of Defendants' neglect of duty and failure to adjudicate her application to adjust status, Plaintiff is now and will be required to apply for and pay Defendant BICS a fee yearly for work authorization in perpetuity or until such time as Defendants perform their duty and adjudicate Plaintiff's application to adjust status.

24.    Plaintiff Jagannathan is compelled by law to apply for and receive permission from Defendants to depart and reenter the United States. INA §212(d)(5) [8 U.S.C. §1182(d)(5)]. Defendant BCIS grants travel documents which are valid for one year. Defendant BCIS presently demands a fee of $185.00 to adjudicate an application for a travel document. 8 C.F.R. §103.7. Defendant Bushey takes three to six months to adjudicate an application for employment authorization.

25.    Visa free entry into the United States is implicit in status as a permanent resident alien. Yearly travel documents applications are not required. Once Plaintiff Jagannathan's application to adjust status is adjudicated and assuming it is granted, she will no longer be required apply for a yearly travel document. Because of Defendants' neglect of duty and failure to adjudicate her application to adjust status, Defendant is now and will be required to apply for and pay Defendant BICS a fee yearly for travel documents in perpetuity or until such time as Defendants perform their duty and adjudicate Plaintiff's application to adjust status.

26.    Defendants owe Plaintiff Jagannathan a duty to adjudicate her application to adjust status.

27.    In an attempt to obtain a decision on his application to adjust status, Plaintiff Jagannathan has made many inquiries with INS/Defendant BCIS on the status of her application. Plaintiff Jagannathan made these inquiries personally, in writing, through both undersigned counsel, Congressman McGovern's and Senator Kennedy's offices.

28.    Plaintiff Jagannathan asserts that the Defendants have no legal basis for failing to

Page 6 of 7

adjudicate his application.

29.    Plaintiff Jagannathan has no administrative remedies. There are no administrative

remedies provided for the Defendants' neglect of duty.

30.    Mandamus is appropriate because there is no other remedy at law.


**PRAYER FOR RELIEF**

WHEREFORE, in view of the arguments and authority noted herein, Plaintiff Jagannathan

respectfully pray that the Defendants be cited to appear before this honorable court and that,

upon due consideration, the Court enter an order:

1.    Issue an order compelling the Defendants to perform their duty and decide

Plaintiff Jagannathan's application to register permanent residence or adjust status;

2.    Award attorneys fees and costs; and

3.    Grant such other relief as may be proper under the circumstances.

Respectfully submitted,

Vidya. Jagannathan

By her Attorney


Date: _____

Richard M. Green  BBO 650973
57 East Main St. Suite 211
Westborough, MA 01581
Tel:    (508) 616-0024
Fax:    (508) 616-0221

Page 7 of 7